```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Criminal No. 97-8(DSD)
```

United States of America,

        Plaintiff,

v.                                                   **ORDER**

Aonya Cruz,

        Defendant.

This matter is before the court upon the pro se motion by defendant Aonya Cruz to expunge or seal her conviction and to proceed in forma pauperis (IFP). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motions.

**BACKGROUND**

On March 5, 1997, a superseding indictment was filed against Cruz, alleging the she made a false statement in a passport application, in violation of 18 U.S.C. § 1542; perjury, in violation of 18 U.S.C. § 1621(1); and possession of false identification documents, in violation of 18 U.S.C. § 1028(a)(4). See ECF No. 15. On March 26, 1997, Cruz pleaded guilty to making a false statement in her passport application, and the court dismissed the remaining counts of the superseding indictment. See ECF No. 18. On July 9, 1997, Cruz was sentenced to three years probation, with thirty days of home detention. See ECF No. 20.

While on probation in this case, a sixty-one count indictment was returned against Cruz for various tax violations. See United States v. Cruz, No. 99-CR-47 (DWF/AJB). In March 1999, Cruz pleaded guilty to ten counts of making and subscribing false and fraudulent income tax returns, in violation of 26 U.S.C. § 7206(1). See ECF No. 10.[1] On June 14, 1999, Cruz was sentenced to three years probation, with ninety days of community confinement and ninety days of home detention. See ECF No. 14. Thereafter, Cruz's probation was revoked, and she was sentenced to a term of imprisonment of twelve months with no supervision to follow. See ECF No. 31.

On February 6, 2013, Cruz filed a pro se motion to expunge or seal her conviction in this matter.[2] Cruz also filed a motion to proceed IFP. The court issued a briefing schedule, and the government filed a memorandum in opposition on February 25, 2013.

### DISCUSSION

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court "has a special obligation to consider its own jurisdiction." Id. at

---

[1] All citations in this paragraph refer to the docket in United States v. Cruz, No. 99-CR-47 (DWF/AJB).

[2] Cruz also filed a similar motion for expungement in the 1999 matter. See United States v. Cruz, No. 99-CR-47 (DWF/AJB), ECF No. 49.

523. The government argues that the court lacks subject-matter jurisdiction to consider Cruz's request for expungement. The court agrees.

Once a conviction becomes final, the "court's jurisdiction to expunge [a] conviction c[an] arise only from the exercise of ancillary jurisdiction incidental to the court's original jurisdiction over the underlying prosecution pursuant to 18 U.S.C. § 3231." United States v. Meyer, 439 F.3d 855, 859 (8th Cir. 2006); cf. United States v. Summer, 226 F.3d 1005, 1014-15 (9th Cir. 2000) (noting instances where statute, federal rule or Constitution allows expungement). Cruz does not argue that any of these circumstances apply, and instead argues that the court should expunge her conviction because (1) she is rehabilitated and (2) the conviction hinders her from obtaining employment. See Def.'s Mem. Supp. ¶¶ 1-2. A motion to expunge that is based solely on equitable grounds, however, does not invoke the ancillary jurisdiction of the court. Meyer, 439 F.3d at 860 (overturning expungement that would allow defendant to maintain employment); see also United States v. Lucido, 612 F.3d 871, 876 (6th Cir. 2010) ("[T]he First, Third, Eighth and Ninth Circuits all have declined to recognize ancillary jurisdiction under § 3231 to entertain expungement motions ...." (citations omitted)). And although Cruz's post-conviction rehabilitation is laudable and the court

regrets her difficulty in obtaining employment, subject-matter jurisdiction is lacking. Therefore, the motion to expunge is denied.[3]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to expunge or seal her conviction [ECF No. 24] is denied; and

2. Defendant's motion to proceed in forma pauperis [ECF No. 23] is denied as moot.

Dated: April 11, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[3] Cruz frames her motion as both a request to expunge and a request to seal her conviction. The court notes that this is a distinction without a difference. See United States v. Rowlands, 451 F.3d 173, 176 (3d Cir. 2006) ("Although different states may define 'expungement' differently, in general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." (citation omitted)).